UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **DORA ARNOLD** )<br>)<br>**Plaintiff,** )<br>)<br>VS. )<br>)<br>**CITY OF SAN ANTONIO,** *et al.* )<br>)<br>**Defendants.** )<br>)<br>) | Civil Action No.  SA-07-CA-877-XR |

**ORDER**

On October 26, 2007, Plaintiff filed suit against the City of San Antonio, Chief of Police William McManus, and Ruben Saenz, a former police officer with the San Antonio Police Department (SAPD). In her Second Amended Complaint, Plaintiff avers a 42 U.S.C. § 1983 claim against Defendants for violating her Fourteenth Amendment due process rights to be free from sexual assault and rape. She also pleads state law claims against Defendant Saenz for assault, intentional infliction of emotional distress, and false imprisonment.

Defendants City of San Antonio and Chief of Police McManus filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 56 (Docket No. 14), requesting dismissal of all Plaintiff's claims against them. In her response, Plaintiff does not object to the dismissal of the claims against McManus and clarifies that no state law claims have been pled against the City. As for the § 1983 claim, Plaintiff requests an opportunity to conduct additional discovery before responding further.

Having considered the arguments presented, the Court GRANTS in part and DENIES in part Defendants' motion.

**Factual Background**

Plaintiff states that on October 29, 2005, Defendant Saenz, then a police officer with the SAPD, stopped her for a moving traffic violation. After exiting his marked police vehicle and while wearing his police uniform, Saenz approached Plaintiff. Observing that Plaintiff had apparently been drinking too much, Saenz decided not to arrest her, but instead, to follow her back to her house. Upon arrival, Saenz pursued Plaintiff into the house and raped her.

Saenz was later arrested and charged with violation of the civil rights of a person in custody and improper sexual activity with a person in custody under Texas Penal Code § 39.04. He pled nolo contendere, and after being found guilty, was sentenced by the state court to 15 months in prison.

**Analysis**

With their motion to dismiss, Defendants attach an affidavit from Chief McManus, whereby he attests that "I was not in any way employed by nor affiliated with the City of San Antonio, Texas on October 29, 2005; on that date I was serving as Chief of Police for the City of Minneapolis and was a domiciliary of the State of Minnesota."[1] Plaintiff does not dispute this contention, nor object to the dismissal of Chief McManus from the lawsuit. Accordingly, Defendants' motion to dismiss Chief McManus is granted.

The City of San Antonio reads Plaintiff's Second Amended Complaint to aver at least some state law claims against it. In Plaintiff's response to Defendants' motion, however, Plaintiff clarifies that no state law claims against the City have been averred. As a result, there is no need to dismiss such claims, as they do not exist.

Finally, the City of San Antonio moves for the dismissal of Plaintiff's § 1983 claim

---

[1] Docket No. 15 at 2.

against it. Plaintiff pleads that the City violated her Fourteenth Amendment due process rights by failing to control and train Officer Saenz. Plaintiff claims there is a "direct causal nexus" between this failure and the sexual assault and rape.[2]

Plaintiff asserts that to prevail on her claim against the City, she must show the following:

"i) that Saenz's supervisors in the SAPD failed to supervise or train him, and/or that they continued to retain him in their employ when they should not have done so.

ii) that a causal link exists between the supervision, training, and/or improper retention and the violation of the Plaintiff's constitutional rights; and

iii) that such failure to supervise or train and/or the improper retention amounted to deliberate indifference to Plaintiff's constitutional rights."[3]

As evidence that the City and the SAPD should have better supervised or even terminated Defendant Saenz, Plaintiff cites to a list of Saenz's misconduct that was prepared by the prosecution for his criminal trial.[4] While observing that the allegations contained therein "may not evidence a pattern of constitutional violations," Plaintiff argues that they "do show a pattern of misconduct on Saenz's part extending over a three-year period while still retaining his position with the SAPD."[5]

Plaintiff further notes that the SAPD took disciplinary action against Miguel Saucedo, the

---

[2] Docket No. 9 at 5.

[3] Docket No. 18 at 3-4, referring to Estate of Davis ex rel. McCully v. City of North Richland Hills, 406 F.3d 375, 381 (5th Cir. 2005).

[4] *See* Docket No. 18 at 5 and Exhibit C at 2.

[5] Docket No. 18 at 5-6.

officer who accompanied Saenz in a separate vehicle when Saenz stopped the Plaintiff. Although Officer Saucedo knew of the sexual encounter between Officer Saenz and Plaintiff, he apparently did not report what he knew until some 17 hours later, after the SAPD had already initiated a criminal investigation.

Plaintiff requests that a continuance be granted to permit her to take the depositions of Saenz, Saucedo, and "personnel within the SAPD who administered internal investigative and disciplinary procedures."[6] Plaintiff requests the opportunity to take these depositions so that she can collect, through discovery, sufficient evidence to respond properly to the City of San Antonio's motion to dismiss her § 1983 claim.

The Court notes that the City's motion to dismiss was filed on December 4, 2007, less than two months after Plaintiff filed this case. On January 17, 2008, the Court entered a Scheduling Order (Docket No. 20), setting the discovery deadline for August 18, 2008 and the dispositive motions deadline for September 18, 2008. Trial in this matter is scheduled for December 1, 2008.

Given the evidence submitted by Plaintiff so far and the procedural posture of the case at the time Defendants filed their motion to dismiss, the Court finds merit in Plaintiff's contention that she needs time to conduct further discovery before she can fully respond to Defendants' motion on her § 1983 claim. Therefore, Defendants' motion to dismiss this claim against the City is DENIED, subject to re-urging through a motion for summary judgment after Plaintiff has been afforded adequate time to complete the discovery requested in Docket No. 18.

---

[6] *Id.* at 6.

**Conclusion**

For the reasons stated above, Defendants' Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 56 (Docket No. 14) is GRANTED in part and DENIED in Part. Chief of Police McManus is dismissed from the suit. As to Plaintiff's § 1983 claim against the City of San Antonio, Plaintiff is afforded a reasonable time to complete the discovery she requests in Docket No. 18, after which, the City may move for summary judgment, should it so choose.

It is so ORDERED.

SIGNED this 8th day of April, 2008.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE