UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DORA ARNOLD, | § | |
| *Plaintiff*, | § § § | |
| v. | § | Civil Action No.  SA-07-CV-877-XR |
| CITY OF SAN ANTONIO, *et al.*, | § § § | |
| *Defendants*. | § | |

**ORDER ON MOTION TO INTERVENE**

On this date, the Court considered Movant Counsel Financial Services, L.L.C.'s ("CFS") Amended Motion to Intervene (Docket Entry No. 83) and Brief in Support (Docket Entry No. 84). Respondents David McQuade Leibowitz ("Leibowitz") and David McQuade Leibowitz, P.C. ("Liebowitz P.C.") have filed a Response to the Amended Motion to Intervene (Docket Entry No. 89). After reviewing the motion, brief, response, and available evidence in the record, the Court DENIES the motion to intervene.

**Background**

On October 26, 2007, Plaintiff Dora Arnold filed suit against Defendants alleging violation of her rights under 42 U.S.C. § 1983, assault, intentional infliction of emotional distress, and false imprisonment. (Compl. ¶¶ 6–33, (Oct. 26, 2007) [Docket Entry No. 1].) After disposition of motions for summary judgment and other claims, the matter between the original parties was disposed of on June 5, 2009, following a settlement agreement between the parties. (Joint Stipulation to Dismiss with Prejudice (June 5, 2009) [Docket Entry No. 86].)

Prior to the disposal of the case between the original parties, CFS moved to intervene. (Mot.

1

to Intervene (May 5, 2009) [Docket Entry No. 71].) CFS filed an Amended Motion to Intervene that included a complaint necessary to support its intervention claim. (Am. Mot. to Intervene (June 3, 2009) [Docket Entry No. 83].)

Movant seeks to intervene in order to collect a portion of the settlement funds belonging to Plaintiff's attorney of record, Leibowitz, and his law practice, Leibowitz, P.C., in partial satisfaction of an alleged security interest in certain personal property of the Respondents. (Mot. ¶ 11.) CFS supports its claim to the interplead amount based upon an alleged security interest stemming from a loan agreement between CFS and Respondents. (Mot. ¶¶ 11–18.) In its motion, CFS alleges that Respondents have defaulted on the note, which gives CFS a security interest in "[a]ll right, title and interest of the Debtor . . . Accounts consisting of any right to payment of a monetary obligation, whether or not earned by performance for legal services . . . ." (Mot. ¶ 17.) In November 2008, CFS obtained a judgment against Respondants from a New York state court (*Counsel Financial Services v. David McQuade Leibowitz P.C.*, No. I2008-010002 (N.Y. Sup. Ct., Erie County Nov. 25, 2008)) that granted summary judgment in favor of CFS for the sum of $5,506,800.96 against Respondents. (Supp. Resp. to Mot. to Intervene Attach. (May 25, 2009) [Docket Entry No. 77].) When CFS attempted to enforce the New York judgment in Texas, Respondents obtained an Order Granting a Motion for Relief from Enforcement of the Foreign Judgment, which denied enforcement of the judgment in the state of Texas (*Counsel Financial Services v. David McQuade Leibowitz, P.C.*, No. 2008-CI-20085 (285th Dist. Ct., Bexar County, Tex. Jan. 30, 2009)). (Supp. Resp. Attach.)

Defendants in the underlying lawsuit, City of San Antonio and William McManus, filed their own Response to the Motion to Intervene, seeking to interplead the $250,000 agreed upon by the original parties in the settlement agreement into the Court in order to remove their responsibility in

the case. (Def.s' Resp. to Mot. to Intervene at 6 (May 12, 2009) [Docket Entry No. 72].) After a hearing, this Court ordered that Defendants issue one check in the amount of $107,611.02 to Plaintiff, and one in the amount of $142,388.98 to the Clerk of the Court for the United States District Court for the Western District of Texas to be distributed in accordance with further orders on the entitlement to the fees as between CFS and Plaintiff's counsel. (Agreed Order ¶ 1(a)–(b) (May 19, 2009) [Docket Entry No. 76].) On June 3, 2009, CFS filed an Amended Motion to Intervene with an attached Complaint in Intervention requesting that the Court declare the following: (1) that Plaintiff's counsel is in default of a valid note; (2) that the funds in the registry of the Court are the accounts of Leibowitz, P.C.; and (3) that the funds in the registry of the Court be distributed to CFS. (Am. Mot. to Intervene, Ex. 1 Compl. ¶¶ 18–19 (June 3, 2009) [Docket Entry No. 83].) Two days later, on June 5, 2009, this Court ordered that this case be dismissed with prejudice between the original parties.

## Jurisdiction

Originally, Respondents argued that this Court lacked jurisdiction to hear this motion.[1] (Supp. Resp. ¶ 1.0.) Respondents based this theory upon the *Rooker-Feldman* doctrine, which directs that federal district courts lack jurisdiction to entertain collateral attacks on state court judgments. *Liedtke v. State Bar of Tex.*, 18 F.3d 315, 317 (5th Cir. 1994). Respondents concluded that since there was a state court ruling that barred the enforcement of the summary judgment ruling from the New York state court, CFS was attempting to enforce that judgment in this Court. (Supp. Resp. ¶ 1.7.) CFS responded by arguing that the *Rooker-Feldman* doctrine does not apply since the state trial

---

[1] Respondents conceded that this Court may have jurisdiction. (Resp. to Am. Mot. to Intervene ¶ 1.0 (June 15, 2009) [Docket Entry No. 89].) This analysis is intended to establish that this Court has jurisdiction on this matter.

3

court ruling has been appealed and is still pending in state court. (Br. in Supp. to Mot. to Intervene 9 (June 3, 2009) [Docket Entry No. 84].)

In *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005), the United States Supreme Court held that the *Rooker-Feldman* doctrine only applies after all state proceedings have ended. *Id.* at 291. State court proceedings have not ended if an appeal is pending. *See, e.g., Rowley v. Wilson*, 200 Fed. Appx. 274, 275 (5th Cir. 2006). As a state appellate proceeding is currently pending before the Fourth Court of Appeals of Texas (*Counsel Financial Services, L.L.C. v. David McQuade Leibowitz*, No. 04-09-0080CV (Tex. App.—San Antonio)), the *Rooker-Feldman* doctrine is not triggered, and this Court has jurisdiction to hear this motion.

**Legal Standard on Intervention**

Federal Rule of Civil Procedure 24 controls intervention, and states in pertinent part:

> On timely motion, the court must permit anyone to intervene who: . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect it's interest, unless existing parties adequately represent that interest.

FED. R. CIV. P. 24(a). Thus, in order to successfully intervene, the movant must meet four criteria. The movant must: (1) timely file its application; (2) have an interest relating to the property or transaction that is the subject of the action; (3) be so "situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest;" and (4) have an interest that is "inadequately represented by the existing parties to the suit." *Ford v. Hunstville*, 242 F.3d 235, 239 (5th Cir. 2001) (*citing Taylor Commc'ns Group, Inc. v. Sw. Bell Tel. Co.*, 172 F.3d 385, 387 (5th Cir. 1999). While a movant must meet all of the foregoing criteria, the courts have recognized

4

that this inquiry is a flexible one, focusing on the particular facts of each case, and intervention should generally be allowed where "no one would be hurt and greater justice could be attained." *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005).

**Analysis**

It is indisputable that CFS has timely filed its motion to intervene in accordance with the first factor of the legal standard for intervention. CFS filed its motion as soon as it became aware of the settlement advisory filed on April 9, 2009. (*See* Advisory to Court (Apr. 9, 2009) [Docket Entry No. 69].) CFS immediately filed its original Motion to Intervene on May 5, 2009.

Likewise, the parties to the underlying suit do not adequately represent the Movant's interest in accordance with the fourth factor of the legal standard for intervention. CFS contends that if it is unable to intervene in this lawsuit, it is possible that it may suffer some impairment in collecting the claimed funds if Respondents dispose of the monies before CFS can secure a separate judgment against them. It is clear that CFS's interests are inadequately represented by the original parties to this lawsuit, as CFS makes no claim to any funds due directly to the Plaintiff (Movant seeks only the fees to which Plaintiff's attorney, Leibowitz, is entitled) and thus none of the existing parties has any interest in asserting or defending CFS's claim to the funds in the registry of this Court.

The difficulty for CFS arises in the examination of the second and third factors: the interest CFS holds in the funds deposited with the Court, and whether that interest will be sufficiently impaired if its motion to intervene is denied. CFS argues that as a secured creditor, its security interest is sufficient to support intervention. (Am. Mot. ¶ B1.) An interest justifying intervention must be "direct, substantial, [and] legally protectable." *Ross*, 426 F.3d at 757 (*citing Edwards v. Houston*, 78 F.3d 983, 999 (5th Cir. 1996)). An economic interest alone in the outcome of an action

is insufficient to intervene. *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 251 (5th Cir. 2009); *see also Curry v. Regents of the Univ.*, 167 F.3d 420, 422–23 (8th Cir. 1999). It has even been held that a *significant* economic stake in the outcome of the underlying litigation does not create a significantly protectable interest. *See Greene v. United States*, 996 F.2d 973, 976 (9th Cir. 1993).

Even more on point, a prospective intervenor "must demonstrate an interest *in the subject matter* of *this* action and that its disposition may realistically impair that interest." *United States v. Tex. E. Transmission Corp.*, 923 F.2d 410, 412 (5th Cir. 1991) (emphasis added). CFS alleges a claim to the portion of the final settlement that is intended to be Respondents' fees pursuant to a contract Respondents entered to represent Plaintiff in the original action. (Am. Mot. ex. 1 Compl. ¶ 18.) CFS is asking this Court to enforce a security agreement between CFS and Respondents. (*Id.*). Undeniably, without the enforcement of this security agreement, CFS would have no claim to any funds in the registry of this Court. An interest cannot be direct if it is "contingent on the outcome of a subsequent lawsuit." *Ross*, 456 F.3d at 443. Generally, a party seeking to intervene as a matter of right must show that the interest it wishes to protect "may be impaired by the operation of *res judicata*, collateral estoppel or *stare decicis*" by the disposition of the current action if they are not allowed to intervene. *United States v. Union Elec. Co.*, 64 F.3d 1152, 1161 (8th Cir. 1995). There is no argument by CFS that the disposition of the current case would subject CFS to any form of *res judicata*, collateral estoppel or *stare decisis* in its claim against Respondents for any monies owed. Rather, CFS argues that, "it is highly likely that the P.C. will immediately conceal, expend, transfer, and/or disburse [the interplead funds] to avoid paying its debt to [CFS]." (Am. Mot. ¶ C.) Even assuming *arguendo* that this suggestion is true, there would still be no legal or practical impediment preventing CFS from obtaining a judgment against Respondents in another action. *See Tex. E.*

*Transmission*, 923 F.2d at 412 (requiring that the disposition of the present action realistically impair the interest of the proposed intervenor).

Furthermore, "[i]ntervention is generally not appropriate where the applicant can protect its interests and/or recover on its claim through some other means." *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 526 (5th Cir. 1994). CFS could easily protect whatever security interest it may have by bringing suit against Lebowitz and/or Leibowitz P.C. for enforcement of its security agreements. Further, a prospective entitlement to collect a debt that is not the subject of the underlying litigation is not a sufficient interest to grant intervention. *United States v. Alisal Water Corp.*, 370 F.3d 915, 920 (9th Cir. 2004). As the subject of the underlying case is not the disputed debt between CFS and Respondents, but rather Plaintiff's counsel's compensation for the alleged acts of Defendants, there is scant basis to support anything other than a prospective ability to collect on a potential debt.

**Conclusion**

Based upon the foregoing analysis, Movant's Amended Motion to Intervene is hereby DENIED.

It is so ORDERED.

SIGNED this 14th day of September, 2009.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE